HINKLE, District Judge,
concurring:
I concur in the result and in all of the opinion except section IV. Section IV addresses a hearsay objection to a Florida state investigator’s testimony about events in Florida prior to the charged conduct in Georgia.
The chronology at trial was this. The government asked the investigator the nature of the complaints the State of Florida received about Ms. Adams’s businesses. The defense objected based on hearsay. The court overruled the objection, saying the, investigator could testify about the nature of the complaints. The ruling was correct, for the reasons explained in section IV of the majority’s opinion.
The difficulty is that the investigator went further, testifying not just to the nature of the complaints, but to what Ms. Adams’s businesses actually did. At least some of that testimony was inadmissible hearsay. But the defense did not object again. The defense did not ask the court to block or strike the testimony.
In short, the court was asked to rule just once — on the initial hearsay objection — and the court got it right. The defense should not be heard on appeal to complain about testimony that came in *573 without further objection after a correct ruling on the only objection that was made. This makes it unnecessary to address whether this testimony was harmless.